LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
JUSTIN P. THIELE - State Bar No. 311787
jthiele@glaserweil.com
GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

CARTER LEDYARD & MILBURN LLP
John M. Griem, Jr. (*admitted pro hac vice*)
griem@clm.com
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Defendants*
*Museum of Dream Space, LLC, and Dahooo American Corp.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TEAMLAB, INC., a Japanese corporation,<br><br>              Plaintiff,<br><br>v.<br><br>MUSEUM OF DREAM SPACE, LLC, a California limited liability company, and DAHOOO AMERICAN CORPORATION, an Illinois corporation,<br><br>              Defendants. | CASE NO.: 2:19-cv-06906-VAP-GJS<br><br>Hon. Virginia A. Phillips<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**<br><br>DATE:           November 4, 2019<br>TIME:            2:00 pm<br>COURTROOM:   8A<br><br>TRIAL DATE:    Not set. |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

I. PRELIMINARY STATEMENT ................................................................... 1

II. FACTS ........................................................................................................... 2

    A. Facts Pertinent to Count I ................................................................... 2

    B. Facts Pertinent to Count III ................................................................ 6

III. ARGUMENT ................................................................................................. 6

    A. COUNT I - PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THAT THE TEAMLAB WORKS ARE COPYRIGHTABLE SUBJECT MATTER UNDER FEDERAL COPYRIGHT LAW. ........................................... 7

        1. "Boundaries" ............................................................................ 8

        2. "Crystal Universe" ................................................................ 10

    B. COUNT III – PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT ESTABLISH THAT MODS' PHOTOGRAPHS ARE INFRINGING DERIVATIVE WORKS. ................................. 11

IV. CONCLUSION ........................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................... 6

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) ..................................................................... 6, 9

*Ets-Hokin v. Skyy Spirits, Inc.*,
   225 F.3d 1068 (9th Cir. 2000) ................................................................... 11

*Kelley v. Chi. Park Dist.*,
   635 F.3d 290 (7th Cir. 2011) ..................................................................... 10

*Kim Seng Co. v. J&A Imps., Inc.*,
   810 F. Supp. 2d 1046 (C.D. Cal. 2011) .................................................. 8, 9

*Media.net Adver. FZ-LLC v. NetSeer, Inc.*,
   156 F. Supp. 3d 1052 (N.D. Cal. 2016) ...................................................... 9

*Mir M.D. v. Little Co. of Mary Hospital*,
   844 F.2d 646 (9th Cir. 1988) ....................................................................... 7

*Rice v. Fox Broad. Co.*,
   330 F.3d 1170 (9th Cir. 2003) ................................................................. 7, 9

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*,
   137 S. Ct. 1002 (2017) ................................................................................ 7

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,
   630 F.3d 1255 (9th Cir. 2011) ..................................................................... 7

**Statutes**

17 U.S.C. § 102(a) .............................................................................. 1, 7, 10

17 U.S.C. § 102 .......................................................................................... 8

17 U.S.C. § 101 .......................................................................................... 7

**Other Authorities**

Fed. R. Civ. P. 8(a) .................................................................................................. 6

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 6

Fed. R. of Evid. 201 ............................................................................................... 7

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

8809165.1

Defendants Museum of Dream Space, LLC and Dahooo American Corporation (collectively "MODS" or "Defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I and III of the Complaint, filed by teamLab, Inc. ("teamLab or "Plaintiff") on August 8, 2019.

## I. PRELIMINARY STATEMENT

Count I of the Complaint centers on the false claim that two exhibits at Defendants' Museum of Dream Space in Los Angeles copied and infringed upon two interactive art installations created by teamLab. Even assuming the factual allegations in the Complaint are true, this claim fails for the fundamental reason that Plaintiff cannot establish that its works constitute copyrightable subject matter. These works, the appearance of which are highly influenced by the actions and decisions of the viewer, create visual experiences that are mutable and ephemeral and cannot be replicated, much less "fixed in any tangible medium of expression" as is required for protection under federal copyright law. 17 U.S.C. § 102(a). It is no coincidence then that the Complaint is devoid of anything except conclusory allegations pertaining to the manner in which these continuously changing exhibits have been "fixed" for the purposes of copyright law. As such, Count I should be dismissed because the teamLab works are not copyrightable subject matter.

Count III should be dismissed as well. In Count III, Plaintiff alleges that photographs on MODS' website and social media accounts depict and infringe upon three of Plaintiff's exhibits. This claim similarly fails because Plaintiff has failed to plead facts sufficient to establish that the underlying work are copyrightable subject matter. Except for a few small photographs of Plaintiff's three exhibits, which do not speak for themselves and are difficult to interpret, the Complaint is without even the most basic explanation of what makes up, defines, or constitutes the allegedly infringed upon works.

Defendants' motion to dismiss should be granted.

## II. FACTS

The following are facts pertinent to the within motion and, where drawn from the Complaint, are assumed to be true only for the purposes of the within motion.

teamLab is a corporation incorporated under the laws of Japan and is headquartered in Tokyo, where it employs artists, designers, computer scientists, and engineers to create large-scale interactive works of art. Complaint ¶ 8 (Dkt. No. 6). MODS is a California limited liability corporation, wholly owned by the Dahooo American Corporation, that operates the Museum of Dream Space in Los Angeles ("MODS Museum"). *Id.* ¶ 10. Plaintiff alleges that MODS copied two of their works by creating and displaying two exhibits at the MODS Museum (**Count I**), and that MODS photographed various teamLab exhibits and posted those photographs to MODS' website and social media accounts to advertise the MODS Museum (**Count III**). *Id.* ¶¶ 53-74, 89-103.

### A. Facts Pertinent to Count I

Plaintiff alleges MODS infringed upon two of their works. The first of these Plaintiff refers to as "Universe of Water Particles, Transcending Boundaries" ("Boundaries"), and the second Plaintiff refers to as "Crystal Universe" (collectively "teamLab Works"). *Id.* ¶¶ 27-28. Plaintiff has filed for, but not obtained, copyright registrations from the United States Copyright Office for these works. *Id.* ¶ 18.

*Boundaries*

Boundaries was created by teamLab in Japan by Japanese artists in 2017 and was first displayed at the Pace Gallery in London from January 25 through March 11 of 2017. *Id.* ¶ 28. Four color images that purport to be Boundaries are presented in paragraph 28 of the Complaint. The exhibits depicted in the first two images are distinct from the second two images, which appear to be still images captured from a video. *Id.* While the first two images contain several pictures on the peripheral walls of the exhibits, there are no pictures apparent on the walls of the exhibit depicted in

the second two images. *Id.* The character and quality of the flowers projected on the wall of the exhibit depicted in the first two images are different from that of the flowers projected on the wall of the exhibit depicted in the second two images. *Id.*

These same images, and the video from which they were captured, are posted on the teamLab website in connection with information provided about the 2017 exhibition at the Pace Gallery in London. *See* Declaration of John M. Griem, Jr. ¶ 3, Ex. 1 (Oct. 7, 2019) ("Griem Decl.").[1] The teamLab website reveals that that these four images actually depict two separate exhibits. The first two images in paragraph 28 of the Complaint appear to depict an exhibit titled "Universe of Water Particles, Transcending Boundaries," – *i.e.*, the exhibit referred to herein as "Boundaries" – while the second two images appear to depict an entirely different exhibit titled "Flowers and People, Cannot be Controlled but Live Together – Transcending Boundaries, A Whole Year per Hour." *Id.*, Ex. 1 at 1-2.

Notwithstanding the lack of clarity over which work is actually the subject of teamLab's infringement claim, Plaintiff provides the following narrative description of "Boundaries":

> "Boundaries" consists of the following elements: water expressed as a continuum of innumerable light-blue particles; a waterfall expressed by flowing water which is a collection of streaks of particles; water flowing uninterruptedly from a waterfall onto the floor; multicolored flowers drawn behind the waterfall on the walls and floors; when a person stands on the actual work, that person becomes an obstacle for the streams of water as if a rock is blocking the water flow, and the work gives off the effect of changing water flow as a result of the person standing in the water; and the work is also designed so that certain elements produce the effects of blooming flowers whenever a person stands in the flowing body of water and hinders the water flow. It was created by applying the concept of flat space recognition as applied in ancient Japanese paintings and includes the effects of an ever-transforming work of art as a result of the presence of viewers.

---

[1] *See* teamLab, https://www.teamlab.art/e/pacelondon/ (last visited Oct. 7, 2019).

Compl. ¶ 29.

The "ever-transforming" nature of the Boundaries works is similarly described on the teamLab website.[2] Griem Decl. ¶ 4, Ex. 2. teamLab describes "Universe of Water Particles, Transcending Boundaries" as follows:

> Water is represented by a continuum of numerous water particles. The interaction between the particles is calculated and then lines are drawn in relation to the behavior of the water particles. The lines are "flattened" using what teamLab considers to be ultrasubjective space.
>
> When a person stands on the waterfall they obstruct the flow of water like a rock, and the flow of water changes. *The flow of water continues to transform due to the interaction of people. Previous visual states can never be replicated, and will never reoccur.* The flow of the waterfall influences other artworks.

*Id.*, Ex. 2 at 4 (emphasis added). On its website, teamLab also describes "Flowers and People, Cannot be Controlled but Live Together - Transcending Boundaries, A Whole Year per Hour":

> *This artwork is in continuous change.* Over a period of one hour, a year's worth of seasonal flowers blossoms and scatters. Flowers are born, grow, bloom, and eventually scatter and die. The cycle of birth and death repeats itself in perpetuity. If people stay still, more flowers are born. If people touch the flowers and walk around the space, the flowers scatter all at once.
>
> *This artwork is in continuous change, neither a prerecorded animation nor on loop. The work is rendered in real time by a computer program.* The interaction between the viewer and the installation causes continuous change in the artwork; *previous visual states can never be replicated, and will never reoccur.* The artwork influences other works and flowers scatter due to the influence of other works.[3]

Griem Decl. ¶ 5, Ex. 3 at 5 (emphasis added).

---

[2] *See* teamLab, https://www.teamlab.art/w/waterparticles-transcending/ (last visited Oct 7, 2019).

[3] *See* teamLab, https://www.teamlab.art/w/flowerandpeople-transcendingboundaries/ (last visited Oct. 7, 2019).

Plaintiff alleges that an exhibit at the MODS Museum titled "Season Dream," depicted in color images presented in paragraph 31 of the Complaint, infringes upon "Boundaries." Compl. ¶ 31.

*Crystal Universe*

Crystal Universe was created by teamLab in Japan in 2015 and was first displayed at the Pola Musuem in Japan in 2015. Compl. ¶ 32. Plaintiff presents three color images in paragraph 32 of the Complaint which purport to depict Crystal Universe, and Plaintiff provides the following narrative description of the exhibit:

> This interactive installation consists of lights forming a sculpture that represents the universe. This exhibit also uses mirrors and reflective floor and ceiling surfaces to express an illusion of infinite lights. Viewers can walk through the space, and their positioning and interaction, among other things through a smartphone app, influences how the lights form the sculptural aspects of the work and the work changes.

Compl. ¶ 33. On its website, teamLab describes "Crystal Universe" as follows:

> This artwork uses an accumulation of light points to create a sculptural body, similar to the way distinct dots of color form an image in a pointillist painting. In Crystal Universe, the particles of light are digitally controlled and change based on the viewer's interactivity with the work. The result is an installation that consists of lights, forming a sculpture that expresses the universe. Viewers are invited to enter and walk around within the three-dimensional light space. This movement affects the light particles and creates changes in the installation. Viewers can also interact with the work by using their smartphones to select elements that make up the Crystal Universe. While Crystal Universe is created by elements selected by the viewers, each action or change affects the other. The viewer's position within the artwork also influences how the work is created; thus, the artwork is continuously changing.[4]

Griem Decl. ¶ 6, Ex. 4 at 5.

Plaintiff alleges that an exhibit at the MODS Museum titled "Galaxy Dream,"

---

[4] teamLab, https://www.teamlab.art/w/crystaluniverse/ (last visited Oct. 7, 2019).

depicted in color images presented in paragraph 35 of the Complaint, infringes upon "Crystal Universe." Compl. ¶ 35.

### B. Facts Pertinent to Count III

Plaintiff alleges that MODS, or someone acting on behalf of MODS, photographed three teamLab exhibits – referred to as "Forest of Resonating Lamps," "Universe of Water Particles on a Rock Where People Gather," and "Wander through the Crystal World" – and posted the images to MODS' website and social media accounts to promote the 2019 opening of the MODS Museum. Compl. ¶¶ 44-51. Images of the three teamLab exhibits and the allegedly infringing photographs are presented in paragraph 47 of the Complaint.

## III. ARGUMENT

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). A court may, however, consider exhibits submitted with the complaint. *See id.* at 453-54. Also, a court may consider documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Id.* at 454. Further, it is proper for the court to

consider matters subject to judicial notice pursuant to Fed. R. of Evid. 201. *See Mir M.D. v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988).

### A. COUNT I - PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THAT THE TEAMLAB WORKS ARE COPYRIGHTABLE SUBJECT MATTER UNDER FEDERAL COPYRIGHT LAW.

In order to establish copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). "A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate,'" and creates a rebuttable presumption of validity. *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c)). Because Plaintiff has not proffered a copyright registration, it thus cannot be presumed that Plaintiff owns a valid copyright.

Plaintiff has failed to plead facts sufficient to establish that Plaintiff is the owner of a valid copyright because the Complaint does not establish that Boundaries and Crystal Universe contain copyrightable subject matter. "A valid copyright extends only to copyrightable subject matter." *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1008 (2017). The Copyright Act protects "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device," which "include the following categories: (1) literary works; (2) musical works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works." 17 U.S.C. § 102(a).

"A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord . . . is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated, for a period of more than transitory duration." 17 U.S.C. § 101. Certain works cannot satisfy the fixation requirement because they "may be temporarily embodied in a tangible form, but may not be sufficiently permanent or stable to warrant copyright protection, such as 'purely evanescent or transient reproductions such as those projected briefly on a screen, shown electronically on a television. . . . or captured momentarily in the memory of a computer.'" U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 305 (hereinafter "Copyright Compendium") (quoting H.R. Rep. No. 94-1476, at 53 (1976), reprinted in 1976 U.S.C.C.A.N. at 5666 (internal quotations marks omitted)). Courts have held that a work that is "inherently changeable" is not subject to federal copyright protection. *Kim Seng Co. v. J&A Imps., Inc.*, 810 F. Supp. 2d 1046, 1054 (C.D. Cal. 2011) (quoting *Kelley v. Chi. Park Dist.*, 635 F.3d 290, 303-05 (7th Cir. 2011)).

### 1. "Boundaries"

Except for the conclusory allegation that teamLab's Boundaries is "fixed in a tangible mediums of expression in the form of pictorial, graphic, or sculptural works, and/or audiovisual works," the Complaint is bereft of any explanation of how this interactive, ever-changing exhibit has been fixed in a tangible medium expression. Compl. ¶ 54. This is not by accident. Boundaries is too mutable, too transitory and too ephemeral to be fixed and is thus not copyrightable subject matter under 17 U.S.C. § 102.

The Complaint describes Boundaries as an interactive, "changing," "ever transforming work of art," influenced by the "presence of viewers." Compl. ¶ 29. Even the four images presented in paragraph 28 of the Complaint show substantial variation in the exhibit's installation. For example, where the first two images show

several pictures hanging on the peripheral walls of the exhibit, the same pictures are absent in the exhibit depicted in the following two images, and there are otherwise no pictures on the peripheral walls.

This is problematic for two reasons. First, as a matter of pleading, it is impossible for MODS to know what exactly are "the constituent elements" upon which it is alleged to have infringed. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). Second, as a matter of copyright law, Boundaries is not stable or permanent in form, but instead "inherently changeable," and therefore it is not "fixed in any tangible medium of expression." *Kim Seng Co. v. J&A Imps., Inc.*, 810 F. Supp. 2d 1046 (C.D. Cal. 2011).

Although the Court need not go beyond the pleadings to rule in MODS' favor, the Court may appropriately take into consideration the statements from the teamLab website describing the two different works that Plaintiff refers to as Boundaries. The Complaint itself presents images viewable on the teamLab website, and it goes without saying that the authenticity of the statements on the website are ones that "no party questions." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

The fact that Boundaries appears to be two separate works on the teamLab website means Plaintiff has failed to adequately identify the work Defendants are alleged to have copied. *See Media.net Adver. FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1068 (N.D. Cal. 2016) ("Dismissal is thus warranted as Plaintiff fails to identify which sections it alleges Defendant copyrighted."). If Boundaries is one work, then it is too variable in its expression, inconsistent and impermanent to receive the protection of federal copyright law. In any event, the statements on the teamLab website describing the two Boundaries exhibits are completely antithetical to the requirements of fixation under federal copyright law. It cannot both be true that "[p]revious visual states can never be replicated, and will never reoccur," but that Boundaries' expression is "fixed." Griem Decl. ¶ 4 Ex. 2 at 4. Taking teamLab at its

9

word, the experience it has created in Boundaries is "purely evanescent or transient" and not unlike an image "projected briefly on a screen," which the U.S. Copyright Office has deemed insufficient to satisfy the fixation requirement. Copyright Compendium § 305.

This combined with the fact that teamLab offers no explanation as to how an "ever-transforming" work (or works) that cannot be "replicated" can as a technical matter be fixed in a "tangible medium of expression" such that it can be "perceived, reproduced, or otherwise communicated" in the future, renders the allegations in the Complaint deficient. 17 U.S.C. § 102(a).

For these reasons, teamLab has failed to establish that Boundaries is subject matter protected by federal copyright law.

### 2. "Crystal Universe"

For essentially the same reasons, Crystal Universe does not qualify as copyrightable subject matter because it is not "fixed" either. In this exhibit, viewers can influence the visual appearance of the work through their positioning with respect to the work and are invited to alter the work via "a smartphone app." Compl. ¶ 33. It is a work that is "inherently changeable," and while it may stand up as a piece of conceptual art "not all conceptual art may be copyrighted." *Kelley v. Chi. Park Dist.*, 635 F.3d 290, 303-05 (7th Cir. 2011). As with Boundaries, nowhere in the Complaint does teamLab explain how this "continuously changing" exhibit has been fixed in a "tangible medium of expression" such that it can be can be "perceived, reproduced, or otherwise communicated" in the future. 17 U.S.C. § 102(a). For these reasons, teamLab has failed to establish that Crystal Universe is subject matter protected by federal copyright law.

\*\*\*

Accordingly, Count I of the Complaint should be dismissed.

## B.  COUNT III – PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT ESTABLISH THAT MODS' PHOTOGRAPHS ARE INFRINGING DERIVATIVE WORKS.

In Count III, teamLab alleges that photographs MODS posted on its website and social media accounts are infringing derivatives, because they depict three teamLab exhibits. Plaintiff cannot establish that MODS' photographs are infringing derivatives because the Complaint is without any allegations establishing that the three underlying works are copyrightable subject matter. *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1078 (9th Cir. 2000) ("Under the Copyright Act, a work is not a derivative work unless it is based upon one or more preexisting works and, in order to qualify as a preexisting work, the underlying work must be copyrightable."). The Complaint offer no description of what are the protectable elements the three underlying teamLab works, as Plaintiff attempts to do with Boundaries and Crystal Universe, or factual allegations addressing how these works have been fixed in a tangible medium expression. The images of the three underlying teamLab works presented in paragraph 47 of the Complaint are difficult to interpret and in no way speak for themselves. Plaintiff has thus failed to plead facts sufficient to establish that the underlying works are copyrightable subject matter.

## IV.  CONCLUSION

For the foregoing reasons, MODS' motion to dismiss should be granted and Counts I and III of the Complaint should be dismissed.

Dated: New York, New York
October 7, 2019

CARTER LEDYARD & MILBURN LLP

*/s/ John M. Griem, Jr.*
John M. Griem, Jr.
2 Wall Street
New York, New York 10005

11

```
 1                              (212) 238-8659
                                griem@clm.com
 2
                                GLASER WEIL FINK HOWARD
 3                              AVCHEN & SHAPIRO LLP
 4
                                Lawrence M. Hadley
 5                              Justin Thiele
                                10250 Constellation Blvd., 19th Floor
 6                              Los Angeles, CA  90067
                                (310) 553-3000
 7
                                lhadley@glaserweil.com
 8                              jthiele@glaserweil.com
 9
10
11
12
...
28
```

12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

8809165.1