GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
JUSTIN P. THIELE - State Bar No. 311787
jthiele@glaserweil.com
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

CARTER LEDYARD & MILBURN LLP
John M. Griem, Jr. (*admitted pro hac vice*)
griem@clm.com
2 Wall Street
New York, New York 10005
(212) 732-3200

*Attorneys for Defendants*
*Museum of Dream Space, LLC, and Dahooo American Corp.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TEAMLAB, INC., a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>MUSEUM OF DREAM SPACE, LLC, a California limited liability company, and DAHOOO AMERICAN CORPORATION, an Illinois corporation,<br><br>Defendants. | CASE NO.: 2:19-cv-06906-VAP-GJS<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Museum of Dream Space, LLC ("MODS") and Dahooo American Corporation ("Dahooo") (collectively "Defendants") by their attorneys, answering the First Amended Complaint (the "Complaint"), state as follows:

1. Denies the allegations in paragraph 1 of the Complaint, except admits that in this action Plaintiff purports to state claims for copyright infringement.

2. Denies the allegations in paragraph 2 of the Complaint.

3. Denies the allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Admits the allegations in paragraph 10 of the Complaint.

11. Admits the allegation in paragraph 11 of the Complaint that Dahooo is an Illinois corporation but denies that Dahooo owns MODS or the MODS Museum.

12. Paragraph 12 of the Complaint states a legal conclusion as to which no response is required.

13. Admits the allegation in paragraph 13 of the Complaint with respect to Defendants' citizenship; denies knowledge or information sufficient to form a belief as to teamLab's citizenship; and the remaining statements are legal conclusions as to which no response is required.

14. Admits the factual allegations in paragraph 14 of the Complaint, and the statement that this Court has personal jurisdiction over MODS states a legal conclusion as to which no response is required.

15. Denies the factual allegations in paragraph 15 of the Complaint, and the

assertion that this Court has personal jurisdiction over Dahooo states a legal conclusion as to which no response is required.

16. Admits the allegation in paragraph 16 that a substantial part of the alleged actions giving rise to teamLab's claims occurred in this judicial district, but the statement about venue is a legal conclusion as to which no response is required.

17. Paragraph 17 of the Complaint states a legal conclusion as to which no response is required.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint that teamLab's copyright registrations are pending, and provides no response to the legal conclusions stated in the aforementioned paragraph.

19. Paragraph 19 of the Complaint states a legal conclusion as to which no response is required.

20. Paragraph 20 of the Complaint states a legal opinion as to which no response is required.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion as to which no response is required.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and states that the assertion that the work mentioned in the aforementioned paragraph is "fixed in a tangible medium of expression" is a legal conclusion as to which no response is required.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except the statement in the last sentence of the aforementioned paragraph, after the semi-colon, is a legal conclusion as to which no response is required.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except to the extent that the aforementioned paragraph states legal conclusions as to which no response is required.

34. Admits that the photographs presented in paragraph 34 of the Complaint depict a portion of some aspect of a work of MODS titled "Season Dream," but denies that this work is "substantially similar" to any teamLab work.

35. Denies that the comparison of photographs in paragraph 35 of the Complaint is "illustrative" of "similarities."

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

**MUSEUM OF DREAM SPACE, LLC AND DAHOOO AMERICAN CORPORATION'S ANSWER TO TEAMLAB INC.'S FIRST AMENDED COMPLAINT**

8998562.2

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and states that the assertion that the work mentioned in the aforementioned paragraph is "fixed in a tangible medium of expression" is a legal conclusion as to which no response is required.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, except the statement in the last sentence of the aforementioned paragraph about the effect interactivity has on copyrightability is a legal conclusion as to which no response is required.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

43. Admits that the photographs presented in paragraph 43 of the Complaint depict a portion of some aspect of a work of MODS titled "Galaxy Dream," but denies that this work is "substantially similar" to any teamLab work.

44. Denies that the comparison of photographs in paragraph 44 of the Complaint is "illustrative" of "similarities."

45. Denies the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the

**MUSEUM OF DREAM SPACE, LLC AND DAHOOO AMERICAN CORPORATION'S ANSWER TO TEAMLAB INC.'S FIRST AMENDED COMPLAINT**

8998562.2

truth of the allegations contained in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, except the statement in the last sentence of the aforementioned paragraph, after the semi-colon, is a legal conclusion as to which no response is required.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and states that the assertion that the work mentioned in the aforementioned paragraph is "fixed in a tangible medium of expression" is a legal conclusion as to which no response is required.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except the statement in the last sentence of the aforementioned paragraph, after the semi-colon,

is a legal conclusion as to which no response is required.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and states that the assertion that the work mentioned in the aforementioned paragraph is "fixed in a tangible medium of expression" is a legal conclusion as to which no response is required.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, except the statement in the last sentence of the aforementioned paragraph, after the semi-colon, is a legal conclusion as to which no response is required.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

66. Admit the allegations in paragraph 66 of the Complaint, only insofar as the images in the right column are from MODS' social media.

67. Denies the allegations in paragraph 67 of the Complaint.

68. Denies the allegations in paragraph 68 of the Complaint, except admits that in February 2019 teamLab demanded that MODS remove certain images from its website and social media accounts.

69. Denies the allegations in paragraph 69 of the Complaint.

70. Denies the allegations in paragraph 70 of the Complaint.

71. Denies the allegations in paragraph 71 of the Complaint.

# CLIAMS FOR RELIEF

# COUNT I

# COPYRIGHT INFRINGEMENT – ORIGINAL WORKS

# (17 U.S.C. § 501)

72. Repeats and incorporates by reference each of the answers in paragraphs 1 through 71 above as if fully set forth herein in their entireties.

73. Denies the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Denies the allegations in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

77. Denies the allegations in paragraph 77 of the Complaint.

78. Denies the allegations in paragraph 78 of the Complaint.

79. Denies the allegations in paragraph 79 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

80. Denies the allegations in paragraph 80 of the Complaint.

81. Denies the allegations in paragraph 81 of the Complaint.

82. Denies the allegations in paragraph 82 of the Complaint, and affirmatively states that MODS has never created a work that required the permission or authorization of teamLab.

83. Denies the allegations in paragraph 83 of the Complaint.

84. Denies the allegations in paragraph 84 of the Complaint.

85. Denies the allegations in paragraph 85 of the Complaint, and to the extent that the aforementioned paragraph states a legal conclusion, no response is required.

86. Denies the allegations in paragraph 86 of the Complaint.

87.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.   Denies the allegations in paragraph 90 of the Complaint.

91.   Denies the allegations in paragraph 91 of the Complaint.

92.   Denies the allegations in paragraph 92 of the Complaint.

93.   Paragraph 93 of the Complaint states a legal conclusion as to which no response is required.

## COUNT II
## COPYRIGHT INFRINGEMENT – TEAMLAB IMAGES
### (17 U.S.C. § 501)

94.   Repeats and incorporates by reference each of the answers in paragraphs 1 through 93 above as if fully set forth herein in their entireties.

95.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

96.   Paragraph 96 of the Complaint states a legal conclusion as to which no response is required.

97.   Denies the allegations in paragraph 97 of the Complaint.

98.   Denies the allegations in paragraph 98 of the Complaint.

99.   Paragraph 99 of the Complaint states a legal conclusion as to which no response is required.

100.   Denies the allegations in paragraph 100 of the Complaint, and affirmatively states that MODS has never created a work that required the permission or authorization of teamLab.

101. Denies the allegations in paragraph 101 of the Complaint.

102. Denies the allegations in paragraph 102 of the Complaint.

103. Denies the allegations in paragraph 103 of the Complaint, and denies knowledge or information sufficient to form a belief as to whether teamLab routinely receives licensing fees in the amount alleged.

104. Denies the allegations in paragraph 104 of the Complaint.

105. Denies the allegations in paragraph 105 of the Complaint.

106. Denies the allegations in paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint states a legal conclusion as to which no response is required.

## COUNT III

## COPYRIGHT INFRINGEMENT – PHOTOGRAPHED EXHIBITS

### (17 U.S.C. § 501)

108. Repeats and incorporates by reference each of the answers in paragraphs 1 through 107 above as if fully set forth herein in their entireties.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint, and to the extent that the aforementioned paragraph states legal conclusions, no response is required.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint, except the statement in the last sentence of the aforementioned paragraph, after the semi-colon, is a legal conclusion as to which no response is required.

112. Paragraph 112 of the Complaint states a legal conclusion as to which no response is required.

113. Denies the allegations in paragraph 113 of the Complaint.

114. Denies the allegations in paragraph 114 of the Complaint.

115. Denies the allegations in paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint states a legal conclusion as to which no response is required.

117. Denies the allegations in paragraph 117 of the Complaint.

118. Denies the allegations in paragraph 118 of the Complaint.

119. Denies the allegations in paragraph 119 of the Complaint, and affirmatively states that MODS has never created a work that required the permission or authorization of teamLab.

120. Paragraph 120 of the Complaint states a legal conclusion as to which no response is required.

121. Denies the allegations in paragraph 121 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether teamLab routinely receives licensing fees in the amount alleged.

122. Denies the allegations in paragraph 122 of the Complaint.

123. Denies the allegations in paragraph 123 of the Complaint.

124. Denies the allegations in paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint states a legal conclusion as to which no response is required.

## AFFIRMATIVE DEFENSES

Plaintiff's claims against Defendants are barred in whole or in part by the following Affirmative Defenses. Defendants reserve the right to add or amend their defenses further as additional information is developed through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state any claim against Defendants on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, because Defendants are

not infringing and have not infringed any of the Plaintiff's alleged copyrights.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged copyrights are invalid and/or unenforceable, including by reason of lack of originality and lack of copyrightable subject matter.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, because the alleged violations of copyrights by Defendants are de minimis, nominative, and/or fair use permitted under law.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good-faith and with non-willful intent, at all times.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, because critical parts or portions of Plaintiff's alleged protected copyrights are invalid due to consisting of unprotectable scenes a faire.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of merger.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred, in whole or in part, because Plaintiffs lack standing to assert claims under federal copyright law.

### PRAYER FOR RELIEF

For all of the above reasons, Defendants respectfully pray that:

1. Plaintiff's Amended Complaint be dismissed with prejudice
2. The Court award Defendants the costs of the suit;
3. And Defendants be awarded with such other and further relief to which it may be justly entitled.

## **DEMAND FOR JURY TIRAL**

Defendants hereby demand a trial by jury on all issues so triable.

Dated: New York, New York
December 3, 2019

CARTER LEDYARD & MILBURN LLP

/s/ John M. Griem, Jr.
John M. Griem, Jr.
2 Wall Street
New York, New York 10005
(212) 238-8659
griem@clm.com

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

Lawrence M. Hadley
Justin Thiele
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067
(310) 553-3000
lhadley@glaserweil.com
jthiele@glaserweil.com

**MUSEUM OF DREAM SPACE, LLC AND DAHOOO AMERICAN CORPORATION'S ANSWER TO TEAMLAB INC.'S FIRST AMENDED COMPLAINT**

8998562.2