Nancy E. Wolff, Esq., No. 133334
nwolff@cdas.com
COWAN, DᴇBAETS, ABRAHAMS,
& SHEPPARD LLP
9454 Wilshire Boulevard, Suite 901
Beverly Hills, CA 90212
Telephone: (310) 492-4392
Telefax: (310) 492-4394
NWolff@cdas.com

*Attorneys for Plaintiff*
TEAMLAB INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMLAB INC., a Japanese corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MUSEUM OF DREAM SPACE, LLC, a California limited liability company, and DAHOOO AMERICAN CORPORATION, an Illinois corporation,<br><br>    Defendants. | Case No.:  2:19-cv-06906-VAP-GJS<br><br>**PLAINTIFF'S MOTION TO COMPEL**<br><br>(L.R. 7-4 *et seq.*)<br><br>Date: March 3, 2021<br>Time: 11:00 a.m.<br>Crtrm: 640<br><br>Judge: Hon. Gail J. Standish |

## <u>MEMORANDUM IN SUPPORT</u>

## I.    BACKGROUND

Pursuant to Local Rule 7-4 *et seq.*, plaintiff teamLab Inc. ("teamLab") hereby submits this Memorandum in Support of its Motion to Compel. The parties met and conferred pursuant to Local Rule 7-3 (and at that time, under Local Rule 37-1) by telephone on January 7, 2021 and January 25, 2021.  While the parties were able to reach tentative resolutions on many of the disputes at issue, several remain, namely (1) teamLab's position that, as a result of the failure by Museum of Dream Space, LLC ("MODS") and Dahooo American Corporation ("Dahooo"; collectively with MODS, "Defendants") to timely answer teamLab's first set of interrogatories, Defendants' objections are waived; (2) Defendants' contention that teamLab must affirmatively explain to Defendants the evidentiary foundations for any images or video files produced in response to Defendants' requests for production; (3) teamLab's objection to Defendants' request for the current location of various "parts" of teamLab exhibits that may no longer be on display, for purposes of potentially re-creating those exhibits; (4) Defendants' request for sound recording files that teamLab does not believe are relevant to the question of substantial similarity; (5) Defendants' objection to teamLab's defined terms; and (6) Defendants' attempt to claim burden or privilege to justify failures to respond.

## II.    ARGUMENT

### 1.  Defendants' Untimely Interrogatory Answers

teamLab served Defendants with its first set of interrogatories on March 31, 2020.  The parties agreed to several mutual extensions of the time to respond to each other's discovery demands between March and November 2020 in light of ongoing settlement efforts, mediation, and amendments to teamLab's complaint.  Each time extensions were addressed, counsel for the parties discussed these extensions either by phone or by e-mail and mutually agreed to extend each other the courtesy of additional time.  The last agreed-to extended response deadline was to move the

November 17, 2020 deadline to December 17, 2020, which the parties agreed to over email on October 26, 2020.

teamLab provided its responses and objections to Defendants' requests for production ("RFPs") and its objections and answers to Defendants' interrogatories on December 17, 2020, the agreed-upon date; Defendants provided only their responses and objections to teamLab's RFPs.  In their cover email, Defendants stated: "Please see attached Defendants' RFP responses. However, we will need an additional month to respond to teamLab's Interrogatories."  Defendants unilaterally granted themselves an additional month to answer teamLab's interrogatories (which they had possessed for nearly nine months) without consulting with teamLab in accordance with nearly a year's worth of prior dealings.

When challenged, Defendants' counsel indicated that holiday schedules, "urgent" matters at the end of the year, and the need to better understand teamLab's proposed Second Amended Complaint had delayed Defendants' responses.  teamLab responded that, while it appreciated the end-of-year pace, particularly during the pandemic, it was disturbed by Defendants' unilateral decision—made on the response deadline itself—and disregard of the line of communication regarding discovery and deadlines that had always been utilized.  Moreover, teamLab's counsel reminded Defendants' counsel that it had teamLab's Interrogatories in its possession since they were served on March 31, 2020, and were aware, throughout the past months' meet and confers, settlement discussions, conference calls between counsel, and mediation sessions, of teamLab's intention to file a second amended complaint, as well as the general substance of the complaint and possible amendments.

Accordingly, teamLab declined to agree to the one-month extension of the interrogatory answer deadline and considered Defendants' answers to be untimely and their objections to be waived.  Counsel for teamLab confirmed during their meet-and-confer conference call with counsel for Defendants that teamLab had not authorized a

further extension.  teamLab requests that the Court issue a ruling finding that Defendants' objections are waived pursuant to Federal Rule 33(b)(4) ("Any ground [for objecting to an interrogatory] not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure.") (emphasis added).  teamLab contends that the Court should not excuse Defendants' failure in that good cause does not exist here.

As noted above, Defendants' excuses are insufficient, notwithstanding the holiday season and other case deadlines, given the longstanding practice of mutual discussion and agreement, the significant length of time Defendants have had and known about teamLab's interrogatories, and the fact that Defendants were aware of teamLab's intent to amend the complaint and the grounds for doing so.  *See, e.g.*, *Sprague v. Fin. Credit Network, Inc.*, No. 18-CV-00035-SAB, 2018 WL 4616688, at *3–4 (E.D. Cal. Sept. 25, 2018) (noting that good cause requires a showing of due diligence, despite which the scheduled deadline could not be met, and exempting from this showing reasons such as carelessness and calendaring errors); *Lam v. City & Cty. of San Francisco*, No. 10-CV-04641-PJH-LB, 2015 WL 4498747, at *2 (N.D. Cal. July 23, 2015) (finding discovery objections waived in light of lack of good cause); *cf. Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 185, 187–89 (S.D. Cal. 2020) (holding, in the context of discovery deadlines, that plaintiff's delay in producing an expert report was unjustified by her expert's "summer vacation" and the ongoing COVID-19 pandemic, particularly where plaintiff had nearly eleven months to prepare and timely submit reports but waited until four days before expert disclosures were due to request an extension and, further, had exhibited "knowledge and availment of [the] straightforward filing procedures that would have permitted [her] to move the Court for another continuance").

teamLab submits that, in its broad discretion, the Court should hold that Defendants did not show good cause for their delay and did not act in good faith in granting themselves a 30-day extension.  *Cf. Sandoval v. Lagoon Assocs., LLC*, No.

15-CV-04880-RGK-RAOx, 2016 WL 9113994, at *2 (C.D. Cal. Mar. 23, 2016); *Adams v. Kraft*, No. C-10-00602-LHK-HRL, 2011 WL 1522407, at *1 (N.D. Cal. Apr. 21, 2011); *Del Campo v. Kennedy*, No. C-01-21151JW-PVT, 2006 WL 3346115, at *3 (N.D. Cal. Nov. 17, 2006).

### 2.   teamLab Is Not Obligated to Explain the Evidentiary Foundation of Its Documents at This Time

Defendants' Interrogatory Nos. 1–6 ask, in part, for teamLab to "Identify all occurrences in which [a specified teamLab work] has been exhibited, displayed, or installed, by providing to the fullest extent possible the following information concerning such exhibition, display or installation . . . 4) video and pictorial records." teamLab had objected to "video and pictorial" records as being vague and ambiguous but was able to obtain some clarity during the parties' meet-and-confer, and teamLab agreed to provide both the image and video files themselves (and associated metadata), as well as a chart stating which image/video file corresponds to which work at issue.

However, counsel for Defendants stated that any such records should be accompanied by information sufficient to lay an evidentiary foundation for the admission of such materials into evidence notwithstanding the fact that such materials may have metadata and will be subject to questioning during depositions.  Counsel for teamLab told counsel for Defendants that it did not intend on providing such information, and indeed, nothing in Rules 26, 33, or 34 require such an undertaking at this point in the case.  *See Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582–83 (N.D. Cal. 2008) ("Relevancy for discovery . . . has a broader meaning that admissibility at trial" such that "[t]he court need not determine at this time whether the evidence will actually end up being admissible in this litigation.").

teamLab understands one of Defendants' concerns to be the potentially cumbersome nature of the depositions to be held in this case in light of the need for

translators, but teamLab does not believe these inconveniences compel it to go beyond its responsibilities under the Federal Rules.  As noted above, the metadata associated with the files to be produced, the chart teamLab agreed to provide matching files to the works at issue, and the ability to depose witnesses should suffice.  teamLab respectfully requests that the Court hold that what teamLab proposes satisfies its discovery obligations.

### 3.  Information Concerning "Parts" of teamLab's Exhibits Is Irrelevant and Attempts to Re-Create Exhibitions Would be Unduly Burdensome

Defendants' Interrogatory Nos. 1–6 ask, in part, for teamLab to "Identify all occurrences in which [a specified teamLab work] has been exhibited, displayed, or installed, by providing to the fullest extent possible the following information concerning such exhibition, display or installation . . . 9) the current location of all parts of the exhibit (*e.g.*, special hardware, projectors, lights, lamps, sensors, speakers) and whether those parts are still operational or able to function."  teamLab had objected to this language as being irrelevant, overly burdensome, and disproportional to the needs of the case.

During the parties' meet-and-confer, counsel for teamLab indicated that it would request teamLab to clarify which of its exhibits are still on display and/or functioning and where they are located, but counsel for Defendants stated that pictorial or video evidence of other exhibits that may no longer be operational might not be sufficient to fully identify the exhibits and may request that teamLab somehow re-create its prior room-sized interactive museum exhibits.  Counsel for teamLab reiterated that re-creating the exhibits from various parts is untenable both logistically and from a cost perspective and goes beyond what is required in discovery and that the requested records produced in response to Defendants' RFPs and interrogatory answers should provide the necessary information.  Moreover, engaging in such a feat may not ultimately result in the same work being faithfully reproduced.

More fundamentally, the Federal Rules do not require what Defendants are proposing. *Rosales v. FitFlop USA, LLC*, No. 11-CV-0973-W-KSC, 2013 WL 12416061, at *2–3 (S.D. Cal. Jan. 17, 2013) (unduly burdensome to require party to create evidence that did not exist nor was clearly relevant, particularly where sufficient evidence had already been produced to satisfy crux of discovery demand). To the extent any exhibition is live, Defendants can attend and view them in person or request permission to inspect them, and if an exhibition is no longer live, sufficient "pictorial and video" evidence will be produced to faithfully represent those exhibits.

### 4. Sound Recording Files Are Irrelevant

In Defendants' RFP No. 6 (and No. 12, which is a duplicate), Defendants request: "All sound recordings used in the display, exhibition, and installation of the teamLab Exhibits."  teamLab objected because, *inter alia*, "it calls for information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, as the FAC does not allege that MODS infringed any sound recordings used in the exhibitions, and because teamLab's allegations with respect to Forest of Resonating Lamps, Universe of Water Particles on a Rock Where People Gather, and Wander through the Crystal World are only limited to infringing photographic derivative works."

Defendants contend that the production of these materials is warranted in light of the consideration of a work's "total concept and feel."  teamLab disagreed and indicated that case law indicates otherwise.  *See, e.g.*, *Smart Inventions, Inc. v. Allied Commc'ns Corp.*, 94 F. Supp. 2d 1060, 1065–66 (C.D. Cal. 2000) ("[O]nly those elements of a work that are protectable *and* used without the author's permission can be compared when it comes to the ultimate question of illicit copying." (quoting *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) (emphasis added))); *see also Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (suggesting that courts should only consider the elements

6

relevant to the format of the particular work at issue); *Aurora World, Inc. v. Ty Inc.*, 719 F. Supp. 2d 1115, 1135 (C.D. Cal. 2009) (noting that in analyzing substantial similarity, the first step is identifying the "source(s) of the alleged similarity between [the plaintiff's] and the defendant's work").

While teamLab understands that the scope of materials that can be requested during discovery is broader than that which might be introduced at trial, the sound recordings at issue still would not be relevant under Rule 26(b) because they are not related to teamLab's claims and, because there is no allegation of infringement of the sound recordings, they are not plausibly relevant to Defendants' defenses, thus falling outside the ambit of what would be proportional to the needs of the case. This is true even if Defendants contend that sounds (if any) included in the parties' exhibits, are dissimilar, as "no copier may defend the act of plagiarism by pointing out how much of the copy he has not pirated." *Rogers v. Koons*, 960 F.2d 301, 308 (2d Cir. 1992).

### 5. Defendants' Objection to teamLab's Defined Terms Are Baseless

Defendants' objection to teamLab's defined terms "MODS," "Dahooo," "Defendants," and "you"/"your" are baseless. Specifically, teamLab's defined terms in its first request for the production of documents (incorporated by reference into its first set of interrogatories) are as follows:

- As used herein, the term "MODS" shall mean Museum of Dream Space, LLC, and includes any present or former parents, subsidiaries, affiliates, related business entities, predecessors, successors, assigns, shareholders, officers, directors, agents, representatives, employees, members, and contractors, or other persons or entities acting on its behalf or on whose behalf it is acting.
- As used herein, the term "Dahooo" shall mean Dahooo American Corporation, and includes any present or former parents, subsidiaries, affiliates, related business entities, predecessors, successors, assigns, shareholders, officers,

PLAINTIFF'S MOTION TO COMPEL

directors, agents, representatives, employees, members, and contractors, or other persons or entities acting on its behalf or on whose behalf it is acting.

- As used herein, the terms "You," "Your," or "Defendants," shall mean MODS and Dahooo, collectively, and includes any present or former parents, subsidiaries, affiliates, related business entities, predecessors, successors, assigns, shareholders, officers, directors, agents, representatives, employees, members, and contractors, or other persons or entities acting on their behalf or on whose behalf they are acting.

Defendants' objection states:

- Defendants object to the definition of "MODS," "Dahooo," [sic] "Defendants," "you," and "your" as vague and ambiguous, and overly broad and unduly burdensome. Defendants will interpret the term "MODS" as referring to the Museum of Dream Space, LLC and any officers, directors or employees acting in their official or representative capacity on behalf of the Museum of Dream Space, LLC. Defendants will interpret the term "Dahooo" as referring to Dahooo American Corporation and any officers, directors or employees acting in their official or representative capacity on behalf of Dahooo American Corporation. Defendants will interpret "Defendants," "you" and "your" in accordance our interpretation of the terms "MODS and [sic] "Dahooo."

There is no valid reason that these defined terms should not include more than just the parties and their officers, directors, and employees.  Discovery related to the entities as defined by teamLab is not disproportional to the needs of the case given that Defendants' interrogatory answers could change if, for instance, actions were undertaken by unnamed related companies on behalf of one of the Defendants.

Indeed, Defendants' interrogatory answers largely attempt to shift the blame for Defendants' infringements to various third-party contractors, consultants, and Defendants' own Chinese parent company, so Defendants themselves have opened the

door to the inclusion of a larger scope of related entities from which they should be obligated to collect discoverable information in their possession, custody, or control, and "control" is defined broadly as "the legal right to obtain documents upon demand." *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544–45 (N.D. Cal. 2005) ("[F]or purposes of compliance with Rule 34, a parent company has control of documents in the custody and possession of its wholly owned subsidiary."); *see also de Leon v. Clorox Co.*, No. 19-MC-80296-DMR, 2020 WL 4584204, at *5 (N.D. Cal. Aug. 10, 2020).

### 6. Defendants Cannot Claim Undue Burden or Privilege to Justify Their Failure to Respond

Interrogatory No. 8 states:

- Identify all Documents, including their location(s) and custodian(s), that You referred to in answering these Interrogatories.

Defendants' objection states, in relevant part:

- Defendants specifically object to this interrogatory as unduly burdensome and requesting information covered by the attorney work product and attorney client privileges, and object to providing any information in response.

Interrogatory No. 9 states:

- Identify each Person You consulted or who assisted You in responding to these Interrogatories, and for each person, identify which Interrogatory for which that person provided information and what information that person provided.

Defendants' objection states, in relevant part:

- Defendants specifically object to this interrogatory as unduly burdensome and requesting information covered by the attorney work product and attorney client privileges, and object to providing any information in response.

As noted previously, because Defendants' objections to teamLab's interrogatories should be deemed waived, Defendants should not be permitted to

9

refuse to answer Interrogatories 8 and 9 on the basis of attorney-client privilege and work product protection, let alone undue burden.  Regardless, Defendants' undue burden objection is baseless, as the information provided is in no way overbroad or difficult to compile.  Surely there is a limited number of people and documents consulted in connection with answering the interrogatories, and this information is requested regularly in litigation.

Further, with respect to alleged privileges, the information requested is not privileged and the interrogatories themselves are appropriately narrow in scope so as to avoid the request for protected information (to the extent that objection is still valid).  The identity of documents and witnesses consulted to answer interrogatories does not constitute attorney-client privileged information, as teamLab is not asking for the disclosure of any specific legal guidance or discussions between counsel and client.  *See generally* 8 Fed. Prac. & Proc. Civ. § 2017 (3d ed.).  They are also not work product because mere identities of people and documents, and to which issues they are relevant as a factual matter, do not constitute attorney mental impressions, conclusions, opinions, or legal theories.  *See, e.g.*, Fed. R. Civ. P. 26(b)(3)); *In re Amgen Inc. Sec. Litig.*, No. 07-CV-2536-PSG-PLAx, 2013 WL 12139088, at \*2–3 (C.D. Cal. Dec. 2, 2013); *see also Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 15-CV-02034-JVS-JCGx, 2017 WL 10562989, at \*9 (C.D. Cal. June 28, 2017), *objections overruled*, No. SA-CV-15-02034-JVS-JCGx, 2017 WL 10563003 (C.D. Cal. Aug. 14, 2017).  Moreover, Rule 26(b)(1) allows for the discovery of "the identity . . . of persons who know of any discoverable matter," and that rule is to be "liberally interpreted to permit wide-ranging discovery of information."  *In re Amgen Inc.*, 2013 WL 12139088, at \*2 (internal citations omitted).

## III.   CONCLUSION

For the reasons set forth above, this motion should be granted.

Dated:      February 5, 2021          **COWAN DeBAETS ABRAHAMS**
                                      **& SHEPPARD, LLP**

                                      By:  /s/Nancy E. Wolff

                                      Nancy E. Wolff, Esq., No. 133334

                                      Scott J. Sholder, Esq., *pro hac vice*

                                      *Attorneys for Plaintiff,*

                                      TEAMLAB INC.