LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
THOMAS P. BURKE JR. - State Bar No. 288261
tburke@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

JOHN M. GRIEM, JR. (*admitted pro hac vice*)
griem@clm.com
NICHOLAS W. TAPERT (*admitted pro hac vice*)
tapert@clm.com
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Defendants*
*Museum of Dream Space, LLC, and Dahooo American Corp.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMLAB, INC., a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>MUSEUM OF DREAM SPACE, LLC, a California limited liability company, and DAHOOO AMERICAN CORPORATION, an Illinois corporation,<br><br>Defendants. | CASE NO.: 2:19-cv-06906-VAP-GJS<br><br>**RESPONSE TO TEAMLAB, INC.'S APPLICATION TO EXTEND CASE DEADLINES** |

Defendants Museum of Dream Space, LLC ("MODS") and Dahooo American Corporation ("Dahooo"; collectively with MODS, "Defendants") by their attorneys, responding to plaintiff teamLab Inc.'s Application to Extend Case Deadlines (Dkt. No. 106 ("Application")), state as follows:

1. Defendants do not consent to Plaintiff's Application to Extend Case Deadlines because one cannot be justified under the circumstances. An extension would accommodate, and only further prolong, Plaintiff's dilatory prosecution of this lawsuit. Plaintiff filed this lawsuit on August 8, 2019, over two years ago, and the parties first exchanged document requests in March of 2020. Plaintiff filed its Amended Complaint in January 2021 and should have been prepared to expedite prosecution of this action. Plaintiff has had ample time to gather, review and produce responsive documents. At this stage in a lawsuit, months after the disclosure of expert reports and rebuttal reports, it would be highly prejudicial to permit Plaintiff to produce documents for an additional five months. Plaintiff has had a fair chance to respond to Defendants' discovery requests and should not be permitted to impose massive additional costs and burdens on Defendants because it failed to diligently prosecute the action it filed over two years ago.

2. After obtaining an extension from the Court on March 24, 2021 for a three-month extension—over *Plaintiff's* objection that a shorter extension was warranted—Defendants redoubled their effort to produce documents, and have done so in substantial quantity. (Dkt. Nos. 92, 95, 96). To date, Defendants have produced

over 47,000 Bates-stamped pages and files—a significant burden for these small Defendant companies. Meanwhile, teamLab has produced 3,942 Bates-stamped pages and files (before last week that number was 1,265 pages and files).

3. When teamLab has raised technical issues regarding certain produced files, including requesting native files, Defendants have acted promptly to correct any perceived problems with their production.[1] teamLab's claim that Defendants' production has been deficient due to "unavailable links" in emails produced is insignificant. A great many of the Bates-stamped documents teamLab identified with unavailable links actually contained operable links, and a significant number of the other links were to shared spaces of which Defendants are not the custodian and over which Defendants lack control. Nevertheless, Defendants conducted a reasonable search of Defendants' cloud storage and file share spaces and responsive, non-privileged documents were produced on July 2. Defendants' clean-up search of their cloud storage and file share spaces is continuing but nearing completion, in line with the current schedule.

4. When teamLab served Defendants with its third set of Requests for the Production of Documents, in July, Defendants timely responded to those requests and then devoted significant time and resources in August and September, mindful of the

---

[1] For example, in a letter dated June 22, 2021, Plaintiff identified approximately fifty documents that it wanted produced in native form. The following day Defendants produced those documents natively. Plaintiff raised other technical issues in that letter regarding a very small number of files that Defendants have addressed (*e.g.*, files that will not open or not legible or videos that will not play).

Court's trial schedule and the December 15 cut off of discovery.

5. teamLab's general claim that "26 out of 56" of its requests have not yielded documents makes no sense.  Defendants have conducted a diligent search for responsive documents and produced the documents within their possession, custody, or control. Where no such documents exist, none has been produced. Relatively few documents remain to be produced.

6. Although teamLab has offered the Court an explanation as to why it is taking teamLab so long to produce documents, this explanation does not justify teamLab's dilatory prosecution of its lawsuit, especially because teamLab has not produced many documents that, if they exist, should be readily accessible and easy to produce.  These documents should include full and complete depictions of the contested works, past licensing agreements, and any applications for registration with the United States Copyright Office. These types of materials should not require reviewing and culling large quantities of internal correspondence to locate and produce— the reason teamLab cites for its delay—and teamLab may even have had some of these materials on hand before filing suit as some are referenced in its complaint. Defendants are still reviewing teamLab's most recent production of October 26, 2021, but even assuming these materials have now all been produced—which is not appearing to be the case—Plaintiff should not be rewarded for taking so long to produce them by giving them another five months to complete discovery.

7. For example, teamLab has alleged that "its copyright registrations in its

exhibits are pending." Second Amended Complaint ¶ 22 (Dkt. No. 75) ("Complaint"). Defendants have requested "All documents submitted to or filed with and all communications with the United States Copyright Office in connection with the teamLab Works." Defendants hoped those documents would yield a detailed and definitive documentation of what exactly teamLab's multi-dimensional, interactive, and ephemeral works actually consist of. Having chosen to delay or avoid producing documents to support the vague allegations of its Complaint, teamLab has not shown good cause to receive more time to substantiate its allegations.

8.  Granting teamLab more time to produce documents will be highly prejudicial to Defendants. The video and photo record of the teamLab works, in particular two works referred to in the Complaint as Crystal and Boundaries, which are the subject of the most significant allegations in the Complaint, is woefully incomplete. Consider that one teamLab expert describes Crystal as an "immersive light art installation[] [that] . . . is the translation of painterly abstraction into LED lights that are arranged on suspended strings in a specific symmetrical pattern and programmed to change light in pre-defined ways," or "choreographies" of "blinking lights and colors." Another teamLab expert explains that Crystal involves "28 patterns that can be expressed through the LED light array." teamLab has produced a host of still images that show only parts of the Crystal work, offer little perspective or context, and do not capture the 28 "pre-defined" LED light patterns or "choreographies." teamLab, in its most recent production, appears to have at last

produced design drawings of Crystal, but these do not provide other necessary information, and their inexplicably late arrival defeats any claim that teamLab "is working diligently." At least as recently as October 26, teamLab had only produced two videos of Crystal, both of which were cut-up and edited, and which do not capture the variation, patterns or details alluded to by the teamLab expert. The record of teamLab's Boundaries work is similarly incomplete. Moreover, teamLab has not produced the "3D Models" referred to in the Complaint, which Defendants sought well over a year ago in their first RFP.

9. After more than two years of litigation, Plaintiffs have had ample opportunity to produce documents and other information to substantiate the allegations in their Complaint. The absence of a complete record of the disputed teamLab works is analogous to a copyright dispute over a manuscript where, after years of litigation, the plaintiff still had not produced all the pages in the manuscript at issue. The deficiencies in Plaintiff's production amount to an inexcusable and unfair delay, and do not constitute good cause for a further delay.

10. Defendants respectfully request that the Court deny the requested extension and allow this case to proceed through discovery expeditiously and on to the summary judgment stage, in accordance with the existing schedule.

Dated: New York, New York
November 2, 2021

CARTER LEDYARD &
MILBURN LLP

/s/ John M. Griem, Jr.
John M. Griem, Jr.
2 Wall Street
New York, New York 10005
(212) 238-8659
griem@clm.com

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

Lawrence M. Hadley
Thomas P. Burke Jr.
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
lhadley@glaserweil.com
tburke@glaserweil.com

11007121.3