UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6906 PSG (GJSx) | Date | July 12, 2022 |
|---|---|---|---|
| Title | teamLab, Inc. v. Museum of Dream Space, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion for summary judgment, GRANTING summary judgment in Defendants' favor, DENYING AS MOOT Defendants' motion for summary judgment, and DENYING AS MOOT Plaintiff's *Daubert* motion

    Before the Court are three motions. First, Plaintiff teamLab, Inc. ("Plaintiff") filed a motion for summary judgment. *See generally* Dkt. # 154 ("*Pl. MSJ*"). Defendants Museum of Dream Space, LLC and Dahooo American Corporation (collectively, "Defendants") opposed. *See generally* Dkt. # 171 ("*Pl. MSJ Opp.*"). Plaintiff replied. *See generally* Dkt. # 180 ("*Pl. MSJ Reply*"). Second, Defendants filed a motion for summary judgment. *See generally* Dkt. # 150 ("*Def. MSJ*"). Plaintiff opposed. *See generally* Dkt. # 172. Defendants replied. *See generally* Dkt. # 179. Third, Plaintiff filed a *Daubert* motion to exclude reports from one of Defendants' experts. *See generally* Dkt. # 152 ("*Daubert Mot.*"). Defendants opposed. *See generally* Dkt. # 163. Plaintiff replied. *See generally* Dkt. # 164.

    The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers for each motion, the Court **DENIES** Plaintiff's motion for summary judgment, **GRANTS** summary judgment in Defendants' favor, and **DENIES AS MOOT** Defendant's motion for summary judgment as well as Plaintiff's *Daubert* motion.

I.    <u>Background</u>

    Plaintiff is a Japanese interdisciplinary art collective that is internationally known for its exquisite digital art exhibits. *See Defendants' Response to Plaintiff's Statement of Undisputed Facts*, Dkt. # 171-3 ("*DRPSUF*"), ¶¶ 1–7. Defendants own and operate an art museum in Beverly Hills, California called the Museum of Dream Space. *Id.* ¶ 44. Plaintiff alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6906 PSG (GJSx) | Date | July 12, 2022 |
|---|---|---|---|
| Title | teamLab, Inc. v. Museum of Dream Space, LLC, et al. | | |

Defendants directly, contributorily, and/or vicariously infringed Plaintiff's digital art exhibits ("TL Exhibits") and photos of them ("TL Images"). *See generally Second Amended Complaint*, Dkt. # 75 ("*SAC*"). Specifically, Plaintiff claims that Defendants created and displayed in their museum substantially similar infringing versions of two of Plaintiff's works—*Boundaries* and *Crystal*. *Id.* ¶¶ 32, 43. And, to attract visitors to their museum, Defendants allegedly posted pictures of Plaintiff's *Boundaries* and *Crystal* as well as three of Plaintiff's other works—*Forest*, *Particles*, and *Wander*—on Defendants' various social media accounts. *Id.* ¶¶ 67, 83. It is undisputed that Plaintiff never registered any of its works with the U.S. Copyright Office before filing suit. *See Pl. MSJ* 11:11–12:10.

Plaintiff sued in August 2019. *See generally* Dkt. # 1. Defendants moved to dismiss shortly thereafter, *see generally* Dkt. # 21, but Plaintiff amended its complaint before the Court ruled on the pending motion to dismiss, *see generally* Dkt. # 28. Defendants did not move to dismiss again. The Court entered a scheduling order in early 2020, *see generally* Dkt. # 35, which the parties stipulated—or applied ex parte—to modify an extraordinary number of times, *see generally* Dkts. # 39, 51, 53, 57, 61, 64, 87, 92, 101, 106. By November 2021, the Court put a stop to Plaintiff's string of ex parte applications to modify the scheduling order. *See generally* Dkt. # 110. Yet the requests for further extensions persisted into February 2022, this time by way of stipulation. *See generally* Dkts. # 115, 127, 134. In March 2022, the Court granted a motion for spoliation of evidence, awarding Plaintiff an adverse inference instruction at trial because Defendants destroyed various electronic messages that Plaintiff believed would have revealed Defendants' clear intent to infringe Plaintiff's works. *See* Dkt. # 149 at 6–7.

Four days later, the parties filed the instant cross motions for summary judgment and Plaintiff filed a *Daubert* motion. *See generally Pl. MSJ*; *Def. MSJ*; *Daubert Mot.*

II.     Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6906 PSG (GJSx) | Date | July 12, 2022 |
|---|---|---|---|
| Title | teamLab, Inc. v. Museum of Dream Space, LLC, et al. | | |

can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* at 322–23 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

III.    Discussion

Defendants argue that the Court should grant summary judgment in their favor as the nonmovant because Plaintiff has failed to establish that its works are "foreign works" and thus exempt from 17 U.S.C. § 411(a)'s pre-suit copyright registration requirements.[1]  *See Pl. MSJ Opp.* 10:2–15:20.  The Court agrees.

To bring a claim for copyright infringement, "a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 885 (2019) (quoting 17 U.S.C. § 411(a)).  This "is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id.*  However, the registration requirement applies to only "United States works"; foreign works are exempt.  *See id.* at 891 ("Congress removed foreign works from § 411(a)'s dominion in order to comply with the Berne Convention.").  "The burden to show this exemption remains on the party claiming it." 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16(B)(6)(d) (2022) (citing *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555 (S.D.N.Y. 2018)); *accord Swift Harvest USA, LLC v. Boley Int'l*

---

[1] Defendants raise this argument only in opposition to Plaintiff's motion for summary judgment but failed to raise it in their own motion for summary judgment.  *See generally Def. MSJ*.  Plaintiff insists that the Court treat Defendants' failure to raise the argument in their own motion as a waiver.  *Pl. MSJ Reply* 1:19 n.3.  In essence, Plaintiff argues that, even if Defendant is correct about the absence of evidence in the record to support Plaintiff's exemption from the registration requirement, the Court should simply deny Plaintiff's summary judgment motion and let the case proceed to trial.  *See id.*  But that would be an extraordinary waste of judicial resources and is precisely why Federal Rule of Civil Procedure 56(f) exists.  *See* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant."); *Celotex Corp.*, 477 U.S. at 326 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments . . . so long as the losing party was on notice that she had to come forward with all of her evidence.").  Defendants provided Plaintiff ample notice that it should come forward with all its evidence of exemption from registration under 17 U.S.C. § 411(a).  *See Pl. MSJ Opp.* 10:2–15:20.  Plaintiff did not, as discussed in detail below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6906 PSG (GJSx) | Date | July 12, 2022 |
|---|---|---|---|
| Title | teamLab, Inc. v. Museum of Dream Space, LLC, et al. | | |

*HK Ltd*, No. EDCV 19-1700 DMG (GJSx), 2020 WL 7380148, at *10 (C.D. Cal. Sept. 22, 2020); *UAB "Planner 5D" v. Facebook, Inc.*, No. 19-CV-03132-WHO, 2019 WL 6219223, at *6 (N.D. Cal. Nov. 21, 2019); *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309–10 (11th Cir. 2012).

      Whether a work is a foreign work or United States work is inextricably linked to whether the work is published and, if so, when and where. *See* 17 U.S.C. § 101. A published work is a United States work if it was "first published" in the United States or "first published" simultaneously in the United States and abroad. *See id.* Publication occurs when a work is distributed to the public for sale, leasing, lending, or other comparable transfer of ownership. *See id.* Additionally, "offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." *Id.* For example, offering a copy of a work to a museum for public display or to a paying client "with a license permitting further distribution or display" constitutes publication. *See* U.S. Copyright Off., *Compendium of U.S. Copyright Office Practices* § 1906.1 (3d ed. 2021). However, the original author's "public performance or display of a work does not of itself constitute publication." 17 U.S.C. § 101.

      Here, it is clear from Plaintiff's briefing and operative complaint that it misunderstood the technical meaning of "publication" under the Copyright Act throughout this case. *See Pl. MSJ* 11:19–12:10 (arguing that the TL Exhibits "were published where first displayed" in various foreign countries and that the TL Images were published, if at all, when posted to Plaintiff's website in Japan); *accord SAC* ¶¶ 38, 51, 81–82. But the Copyright Act makes clear that mere public display by the original author is not publication. *See* 17 U.S.C. § 101 ("[P]ublic performance or display of a work does not of itself constitute publication."). Plaintiff compounds this error in its reply brief, arguing that "[t]o the extent the TL Exhibits have ever been published, the most closely analogous event was when they were first opened for viewing by paid customers" abroad. *Pl. MSJ Reply* 6:9 n.9. Again, this is emphatically *not* publication. *Cf. Am. Vitagraph, Inc. v. Levy*, 659 F.2d 1023, 1029 (9th Cir. 1981) (holding a motion picture is not published when viewed publicly by an audience until it is commercially distributed to theater operators—i.e., for further public display). No matter, Plaintiff says, because the Copyright Act also protects unpublished works and, at bottom, all of the works at issue in this case were created by foreign nationals abroad. *Pl. MSJ* 11:19–12:10; *Pl. MSJ Reply* 2:1–13. While that may be true, it is Plaintiff's burden to prove that its works are published, unpublished, when, where, or by whom to exempt itself from 17 U.S.C. § 411(a)'s pre-suit registration requirement. *See Nimmer on Copyright* § 7.16(B)(6)(d); *Swift Harvest USA, LLC*, 2020 WL 7380148, at *10; *UAB "Planner 5D"*, 2019 WL 6219223, at *6; *Kernel Recs. Oy*, 694 F.3d at 1309–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6906 PSG (GJSx) | Date | July 12, 2022 |
|---|---|---|---|
| Title | teamLab, Inc. v. Museum of Dream Space, LLC, et al. | | |

    Despite proffering over 600 purportedly undisputed facts, Plaintiff fails to provide sufficient evidence of whether, when, or where its various works were *first* published even though there is evidence in the record that some or all of Plaintiff's works *are* published. *See, e.g.*, *Plaintiff's Supplemental Statement of Undisputed Facts*, Dkt # 172-1, ¶ 621 (indicating that Plaintiff licenses its exhibits to others for public display); *id.* ¶ 628 (*Crystal* has been licensed for public display in Japan); *id.* ¶ 629 (*Forest* and *Wander* have also been licensed for public display in China); *id.* ¶ 622 (indicating that, when Plaintiff licenses its exhibits, it often licenses the images of the exhibits too); *accord Deposition of Yasuhito Hirowatari*, Dkt. # 158-13, 54:9–12 ("My understanding is that there are instances when the license to use photographs are included in the license to display the artwork."). The Court cannot simply make the inferential leap in Plaintiff's favor that evidence of actual licensing deals abroad establishes when and where *first* publication occurred. Nor can the Court assume Plaintiff's works are unpublished without any evidence to that effect—i.e., by declaration or deposition testimony.

    The parties also expend significant ink debating whether Plaintiff posting various photos and videos of the TL Exhibits on a publicly accessible webpage constitutes simultaneous worldwide publication—i.e., including in the United States. *See Pl. MSJ Opp.* 10:2–15:20; *Pl. MSJ Reply* 2:14–8:28. The Court need not reach that novel question given that Plaintiff has failed to proffer sufficient evidence that its works are published or unpublished and, if published, where they were *first* published. *See Kernel Recs. Oy*, 694 F.3d at 1309–10. To illustrate, if Plaintiff hypothetically first published *Crystal* by licensing it to a Taiwanese art museum for public display, it would be irrelevant to the "United States work" inquiry if Plaintiff subsequently published *Crystal* online by, according to Defendants, simply posting photos and videos of it. It is only the first publication that matters. *See* 17 U.S.C. § 101. In any event, although Defendants' online publication argument may have some merit as to the TL Images, *see Nimmer on Copyright* § 7.16(B)(6)(e), the Court very much doubts that the physical TL Exhibits are capable of online publication by simply posting photos and videos of them to solicit licensing deals, *cf. Compendium of U.S. Copyright Office Practices* § 1906.1 (suggesting that an e-book is published via an online advertisement if readily available to download through the advertisement but is not published if the advertisement is merely soliciting offers).

    In sum, Plaintiff has presented insufficient evidence to indicate whether, when, and where its works were *first* published and has thus failed to carry its burden of proof that it is exempt from 17 U.S.C. § 411(a)'s pre-suit registration requirement. *See Swift Harvest USA, LLC*, 2020 WL 7380148, at \*10; *UAB "Planner 5D"*, 2019 WL 6219223, at \*6; *Kernel Recs. Oy*, 694 F.3d at 1309–10; *DigitAlb, Sh.a*, 284 F. Supp. 3d at 555; *Nimmer on Copyright* § 7.16(B)(6)(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6906 PSG (GJSx) | Date | July 12, 2022 |
|---|---|---|---|
| Title | teamLab, Inc. v. Museum of Dream Space, LLC, et al. | | |

Therefore, Defendants are entitled to summary judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 323.

IV.   Conclusion

    For the foregoing reasons, the Court **DENIES** Plaintiff's motion for summary judgment, **GRANTS** summary judgment in Defendants' favor, and **DENIES AS MOOT** all other pending motions. *See generally Def. MSJ*; *Daubert Mot.*; Dkts. # 191–192.

    This order closes the case.

    **IT IS SO ORDERED.**