LAWRENCE M. HADLEY - State Bar No. 157728
lhadley@glaserweil.com
THOMAS P. BURKE JR. - State Bar No. 288261
tburke@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

JOHN M. GRIEM, JR. (*admitted pro hac vice*)
griem@clm.com
CARTER LEDYARD & MILBURN LLP
28 Liberty Street
New York, New York 10005
(212) 732-3200
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMLAB INC., a Japanese corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>MUSEUM OF DREAM SPACE, LLC, a California limited liability company, and DAHOOO AMERICAN CORPORATION, an Illinois corporation.<br><br>              Defendants. | Case No.: 2:19-cv-06906-PSG-GJS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Date: September 23, 2022<br>Time: 1:30 p.m.<br>Crtrm: 6A<br><br>Judge: Hon. Philip S. Gutierrez |

Carter Ledyard & Milburn LLP, and attorneys John M. Griem, Jr., Nicholas W. Tapert, and Sarah H. Ganley (collectively "Carter Ledyard"), and California counsel Glaser Weil Fink Howard Avchen & Shapiro LLP, and attorneys Lawrence M. Hadley and Thomas P. Burke (collectively "Glaser Weil," and together with Carter Ledyard, "Counsel") respectfully request that the Court permit them to withdraw as counsel for Defendants Museum of Dream Space, LLC ("MODS"), and Dahooo American Corporation (collectively "Defendants"). Unfortunately, Counsel can no longer serve as attorneys for Defendants as the they have failed to pay Counsel's fees and reimburse Counsel for out-of-pocket costs as required pursuant to a written engagement agreement.

Plaintiff teamLab, Inc. ("teamLab") does not oppose this motion.

The parties filed a stipulation on August 19, 2022 asking the Court to stay two imminent deadlines so that Defendants can seek replacement counsel: Defendants' August 25, 2022 deadline to move for attorneys' fees and costs and August 26, 2022 deadline to oppose teamLab's motion for reconsideration and relief from summary judgment.

## STATEMENT OF FACTS

In September 2019, Defendants signed an engagement agreement, confirming their earlier retention of Carter Ledyard to represent them in the above captioned action. Declaration of Pang Zhang-Whitaker dated August 22, 2022 ¶ 3 ("Zhang-Whitaker Decl."). Under the agreement, Defendants and Carter Ledyard agreed that Carter Ledyard's fees would be charged on an hourly basis at agreed upon hourly rates, and Defendants agreed to pay those fees, as well as out-of-pocket costs incurred by Carter Ledyard on Defendants' behalf, on a monthly basis. *Id.* Carter Ledyard engaged Glaser Weil to act as California counsel, and Glaser Weil agreed to be retained for that purpose. *Id.*; Declaration of Lawrence M. Hadley dated August 22, 2022 ¶ 3 ("Hadley Decl."). Glaser Weil sends its invoices to Carter Ledyard, and they

are added to Carter Ledyard's invoices as an out-of-pocket cost. Zhang-Whitaker Decl. ¶ 3; Hadley Decl. ¶ 3. Defendants paid all billed amounts on a regular basis until the end of 2021. Zhang-Whitaker Decl. ¶ 3; Hadley Decl. ¶ 3.

Since then, Defendants have not paid any of the invoices sent by Carter Ledyard, and so has not paid the fees billed by Carter Ledyard or Glaser Weil. *Id.* ¶ 4; Hadley Decl. ¶ 4. Carter Ledyard Partner Pang Zhang-Whitaker contacted Charles Chang, Defendants' representative, in March 2022 about the unpaid invoices, and he assured Ms. Zhang-Whitaker they would be paid shortly. Zhang-Whitaker Decl. ¶ 4. In May 2022, Mr. Chang refused to send full payment and Carter Ledyard began to discuss a payment plan with Defendants. *Id.* In the course of these discussions, Ms. Zhang-Whitaker informed Mr. Chang that corporate defendants must have legal counsel to represent them in court. *Id.* Mr. Chang has continued to refuse to pay the amounts due and Carter Ledyard and Defendants have not been able to come to an acceptable payment plan. *Id.* On July 31, 2022, Ms. Zhang-Whitaker informed Mr. Chang that Carter Ledyard intended to withdraw if a substantial payment was not made immediately. *Id.* No payment has been received. *Id.* To date, Defendants owe Counsel in excess of $850,000 in attorneys' fees and costs. *Id.*

On August 17, 2022, Carter Ledyard partner John M. Griem, Jr. sent an email to Mr. Chang confirming that Carter Ledyard and Glaser Weil intended to withdraw for nonpayment of fees. *Id.* ¶ 5, Exh. A. In that email, Mr. Griem again advised Mr. Chang that corporate defendants need counsel to represent them in court proceedings, and advised him that a default judgment may be rendered against Defendants if they failed to obtain counsel. *Id.* Mr. Griem also provided a complete docket and a copy of the pending motion for reconsideration. *Id.*

During an August 18, 2022 meet and confer with counsel for teamLab, Mr. Griem explained that Carter Ledyard and Glaser Weil intended to withdraw for nonpayment of fees. *Id.* ¶ 6. On August 19, 2022, counsel for teamLab represented that teamLab does not oppose the motion to withdraw. *Id.*

## ARGUMENT

I.     **APPLICABLE LAW**

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5.

In determining whether good cause and the ends of justice require withdrawal, courts weigh: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Saribekyan v. JP Morgan Chase Bank, N.A.*, No. CV 21-388 -PSG(JPRx), 2021 U.S. Dist. LEXIS 246725, at *1-2 (C.D. Cal Aug. 27, 2021); *Realson v. Univ. Med. Pharms. Corp.*, No. 10-3476 PSG (FMOx), 2011 U.S. Dist. LEXIS 100438, at *2 (C.D. Cal. Sept. 6, 2011).

Non-payment of fees is grounds for withdrawal of representation. *Doe v. Elam*, CV 14-9788 PSG (SSx), 2016 U.S. Dist. LEXIS 203546, at *2-3 (C.D. Cal. Aug. 3, 2016); *Arch Ins. Co. v. Allegiant Prof'l Bus. Servs.*, CV 11-1675 CAS (PJWx), 2012 U.S. Dist. LEXIS 68531, at *1-2 (C.D. Cal. May 16, 2012); *see also* Cal. R. Prof. Conduct 1.16(b)(5) ("CRPC") (permitting withdrawal if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation"); ABA Model Rule 1.16(b)(5) and (6) (permitting withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client"). Withdrawal is also permitted where the client makes it "unreasonably

difficult for the attorney to carry out the employment effectively." CRPC 1.16(b)(4).

The California Rules of Professional Conduct provide guidance in the event that a lawyer must withdraw: "A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e) [relating to the return of client papers, property and unused advanced fees]." CRPC 1.16(d).

## II. GOOD CAUSE WARRANTING WITHDRAWAL EXISTS IN THIS CASE

Good cause warranting Counsel's withdrawal as attorneys for Defendants in this matter exists. And, Counsel have taken steps to provide advance notice to their clients, avoid prejudice to their clients' legal interests, and allow time for employment of other counsel.

First, Counsel asserts a well-recognized reason for withdrawal, non-payment of fees. *See Elam*, 2016 U.S. Dist. LEXIS 203546, at *2-3. Defendants have paid Counsel nothing since December 2021, despite multiple requests by CLM for payment of Counsel's invoices and an attempt to work out a payment plan for the more than $850,000 owed. This constitutes a "breach[] [of] a material term of an agreement with, or obligation, to the lawyer relating to the representation," which the Rules of Professional Conduct provide warrants termination of a representation. CRPC 1.16(b)(5). At this time, Counsel has no assurance that any future billings would be paid. Zhang-Whitaker Decl., ¶ 4. Given the duration of nonpayment, through the busiest months of the lawsuit, and the significant amount owed, this alone is good cause for withdrawal.

Second, withdrawal would not prejudice other litigants. Plaintiff does not oppose this motion. Zhang-Whitaker Decl. ¶ 6.

Third, Counsel's withdrawal would not harm the administration of justice. Counsel has made the present motion together with a request to suspend upcoming deadlines to permit Defendants to engage other counsel. ECF 207. Counsel delayed

withdrawing from representation during the pendency of the parties' summary judgment motions, which could have caused significant delay to the schedule and required new counsel to take over arguing complicated legal and factual positions on a short timeframe. Counsel has also given Defendants adequate notice of their intention to move to withdraw from this case, first on July 31, 2022 and most recently in writing on August 17, 2022, allowing time for Defendants to seek other counsel. Zhang-Whitaker Decl. ¶¶ 4-5.

Fourth, permitting CLM to withdraw should not cause significant delay in prosecution of this case. *See* L.R. 83-2.3.5. There is no trial date pending. On July 12, 2022, the Court granted summary judgment in Defendants' favor. ECF 193. While Defendants have two pending deadlines remaining this month—a deadline to oppose teamLab's motion for reconsideration and relief from summary judgment on August 26, 2022, and a deadline to move for recovery of attorneys' fees as a prevailing party on August 25, 2022—the parties have stipulated to a request that the Court stay these deadlines while resolution of this motion is pending and afford Defendants a reasonable and limited amount of time to permit Defendants to engage new counsel on this matter, without unduly delaying the proceeding. ECF 207.

## CONCLUSION

For the foregoing reasons, Counsel respectfully request that the Court grant this motion, permitting Carter Ledyard and Glaser Weil to withdraw as counsel for Defendants.

Dated: New York, New York

August 22, 2022

CARTER LEDYARD & MILBURN LLP

/s/ John M. Griem, Jr.
John M. Griem, Jr.
Nicholas W. Tapert
Sarah H. Ganley
2 Wall Street
New York, New York 10005
(212) 238-8659
griem@clm.com
tapert@clm.com
ganley@clm.com

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

/s/Lawrence M. Hadley
Lawrence M. Hadley
Thomas P. Burke Jr.
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067
(310) 553-3000
lhadley@glaserweil.com
tburke@glaserweil.com

MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS