UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#203 (12/02); JS-5

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-6906 PSG (GJSx) | Date | November 16, 2022 |
| Title | teamLab Inc. v. Museum of Dream Space LLC et al. | | |

| | |
|---|---|
| Present: The Honorable | Philip S. Gutierrez, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers): Order GRANTING Plaintiff's motion for reconsideration.**

Before the Court is a motion for reconsideration of the Court's summary judgment order filed by Plaintiff teamLab Inc. ("Plaintiff"). *See generally* Dkt. # 203 ("*Mot.*"). Defendants Dahooo American Corp. and Museum of Dream Space, LLC (collectively, "Defendants") opposed. *See generally* Dkt. # 215 ("*Opp.*"). And Plaintiff replied. *See generally* Dkt. # 217 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** Plaintiff's motion for reconsideration.

## I. Background

This case arises out of the alleged copyright infringement of Plaintiff's digital art exhibits ("TL Exhibits") and related photos ("TL Images"). *See generally Second Amended Complaint*, Dkt. # 75 ("*SAC*"). In 2019, Plaintiff filed suit in this Court. *See generally* Dkt. # 6. The operative second amended complaint asserts nine claims for relief:

> First Cause of Action: Direct Copyright Infringement – Original Works. *SAC* ¶¶ 98–120.
>
> Second Cause of Action: Vicarious Copyright Infringement – Original Works. *Id.* ¶¶ 121–29.
>
> Third Cause of Action: Contributory Copyright Infringement – Original Works. *Id.* ¶¶ 130–36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-6906 PSG (GJSx) | Date | November 16, 2022 |
| Title | teamLab Inc. v. Museum of Dream Space LLC et al. | | |

Fourth Cause of Action: Direct Copyright Infringement – teamLab Images. *Id.* ¶¶ 137–51.

Fifth Cause of Action: Vicarious Copyright Infringement – teamLab Images. *Id.* ¶¶ 152–60.

Sixth Cause of Action: Contributory Copyright Infringement – teamLab Images. *Id.* ¶¶ 161–67.

Seventh Cause of Action: Direct Copyright Infringement – Photographed Exhibits. *Id.* ¶¶ 168–86.

Eighth Cause of Action: Vicarious Copyright Infringement – Photographed Exhibits. *Id.* ¶¶ 187–95.

Ninth Cause of Action: Contributory Copyright Infringement – Photographed Exhibits. *Id.* ¶¶ 196–202.

On March 14, 2022, Plaintiff and Defendants respectively moved for summary judgment. Plaintiff moved for summary judgment as to copyright validity, ownership, and infringement, *see generally* Dkt. # 154 ("*Pl. MSJ*"), while Defendants moved for summary judgment as to all claims asserted in Plaintiff's *SAC*, *see generally* Dkt. # 150 ("*Def. MSJ*").

On July 12, 2022, the Court issued an order addressing only the issue of 17 U.S.C. § 411(a)'s pre-suit registration requirement. *See* Dkt. # 193 ("*Summ. J. Order*"), at 3–4. As the Court previously mentioned, § 411(a)'s registration requirement applies to only "United States works"; foreign works are exempt. *Id.* at 3. And whether a work is a foreign work or United States work is inextricably linked to whether the work is published, and if so, when, and where. *Id.* at 4; *see* 17 U.S.C. § 101.

Plaintiff always maintained that it fell within § 411(a)'s foreign works exemption as an unpublished work created by Japanese nationals in Japan. *See Pl. MSJ* 11:11–12:10; *Reply* 2:20-3. Alternatively, Plaintiff asserted that if the works were considered published, then they were published through public exhibitions abroad in Berne countries. *Id.* Defendants first challenged Plaintiff's § 411(a) exemption status in their opposing papers to Plaintiff's motion. *See* Dkt. # 171 ("*Pl. MSJ Opp.*"), 11:15–20. Specifically, Defendant presented a novel theory that Plaintiff's works are "United States works" because "TL Exhibits and Images . . . have all been

first published simultaneously on TL's website in the U.S. and other treaty parties." *See id.*; *see also Mot.* 3:17–21. In it reply papers, Plaintiff responded directly to and refuted Defendants' theory of publication, *see* Dkt. # 180 ("*Pl. MSJ Reply*"), 2:15–8:28, which the Court also rejected in its prior order, *see Summ. J. Order* at 4–5.

The Court, however, presented its own theory of publication: Plaintiff published its works by offering licenses to museums to display its exhibits. *Id.* Although the Court recognized that Defendants challenged Plaintiff's exemption status only in their opposition—rather than, for example, raising it in their cross-motion for summary judgment—the Court nonetheless held that Plaintiff was afforded notice to come forward with all its evidence of its exemption under 17 U.S.C. § 411(a). *See id.* at 3 n.1. The Court then concluded that Plaintiff had failed to present any evidence to indicate whether, when, and where its works were first published and thus denied Plaintiff's motion for summary judgment, granted summary judgment for Defendants—the non-moving party, and denied as moot Defendants' motion for summary judgment. *Id.* at 5–6.

Plaintiff now moves for reconsideration of the Court's summary judgment order. *See generally Mot.*

II. Legal Standard

Three legal standards govern motions for reconsideration: Federal Rule of Civil Procedure 59(e), Federal Rule of Civil Procedure 60(b), and Local Rule 7–18.

Federal Rule of Civil Procedure 59(e) allows a district court "considerable discretion" when determining whether to amend its judgment. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F. 3d 1058, 1063 (9th Cir. 2003). Absent "highly unusual circumstances," relief under Rule 59(e) is appropriate if (1) the moving party presents newly discovered evidence to the court; (2) the court committed clear error; or (3) there is an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Wells Fargo Bank, N.A.*, 979 F.3d at 1209 (citation omitted).

Similarly, Federal Rule of Civil Procedure 60(b)(1)–(2) permits relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered

evidence." However, "[m]ere disagreement with the Court's interpretation of the evidence and its opinions does not warrant reconsideration under Rule 60(b)." *United States v. Comprehensive Drug Testing, Inc.*, 473 F. 3d 915, 958 (9th Cir. 2006), *withdrawn and superseded on reh'g*, 515 F. 3d 1085 (9th Cir. 2009) (finding, however, that the prior opinion's characterization of the standard for motions for reconsideration was correct).

Local Rule 7–18 also provides, in relevant part, that a motion for reconsideration can be based on any one of three grounds: (1) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered"; (2) "the emergence of new material facts or change of law occurring after the Order was entered"; or (3) "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7–18. However, no motion "may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.*

## III. Discussion

Plaintiff argues that it is entitled to reconsideration under the Federal Rules of Civil Procedure 59 and 60 as well as Local Rule 7–18. *See Mot.* 1:7–9. Plaintiff claims that it needed to be provided with notice and a more sufficient opportunity to respond to the Court's sua sponte determination that Plaintiff's works are published through the offering of licenses to museums to display its exhibits. *See id.* 6:12–16; *Reply* 7:19–21. Upon consideration of Plaintiff's arguments, the Court agrees.

Under the plain reading of Rule 56(f), a district court may grant summary judgment for a non-movant or may grant summary judgment "on grounds not raised by a party" only after giving notice and reasonable time to respond. Fed. R. Civ. P. 56(f)(1)–(2). The Court takes Plaintiff's point that a reply brief did not afford Plaintiff with a sufficient opportunity to respond to other theories of publication other than the one presented in Defendants' opposing papers. *Accord Villapando v. Banamex USA Bancorp*, No. CV 19-5149 JAK (AFMx), 2020 WL 1942783, at *13 (C.D. Cal. Apr. 21, 2020) (denying Plaintiff's request for sua sponte partial summary judgment because plaintiff presented evidence for the first time in its opposition to defendant's motion for summary judgment, such that defendant's only opportunity to respond was through the MSJ Reply). Moreover, the Court appreciates that publication is an unsettled area of law. *See Mot.* 1:17–20, 10 n.4. As such, without notice, Plaintiff did not know that its exemption status was at issue beyond the theory raised by Defendants or that it needed to address the novel theory of publication raised by the Court. *Accord Hoard v. Hartman*, 904 F.3d 780,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-6906 PSG (GJSx) | Date | November 16, 2022 |
| Title | teamLab Inc. v. Museum of Dream Space LLC et al. | | |

792 (9th Cir. 2018) (vacating summary judgment on plaintiff's due process claim because plaintiff did not have notice from either the court or defendants that the sufficiency of this unmentioned claim was at issue on summary judgment); *YS Garments v. Cont'l Casualty Co.*, 828 Fed. Appx. 354, 356 (9th Cir. 2020) (vacating a summary judgment order because the district court granted summary judgment for the defendant, the non-movant, on grounds not raised by either party without giving plaintiff notice and reasonable time to respond).

Accordingly, the Court **GRANTS** Plaintiff's motion for reconsideration.

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for reconsideration.

At this time, the parties have finished discovery and all that remains before trial is readdressing the parties' cross-motions for summary judgment. *See Pl. MSJ*; *Def. MSJ*. The Court thus takes Plaintiff's and Defendants' motions for summary judgment under submission and will reset pretrial conference and trial dates after consideration of those motions.

**IT IS SO ORDERED**.