# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMLAB INC., a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MUSEUM OF DREAM SPACE, LLC, a California limited liability company, and DAHOOO AMERICAN CORPORATION, an Illinois corporation,<br><br>Defendants. | Case No.: 2:19-cv-06906-PSG-GJSx<br><br>**JUDGMENT** |

Based on the Joint Stipulation for Entry of Judgment between Plaintiff teamLab Inc. ("Plaintiff" or "teamLab") and Defendants Museum of Dream Space, LLC ("MODS") and Dahooo American Corporation ("Dahooo") (collectively, "Defendants," and with Plaintiff, the "Parties"), the Court's Orders entered in this case, and all other arguments and papers presented, **IT IS HEREBY ORDERED THAT JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS**, as follows:

1. The findings and rulings in favor of teamLab as set forth in the Order Granting In Part teamLab's Motion for Summary Judgment (Dkt. No. 223 (the "Summary Judgment Order")), attached hereto as **Exhibit A**, are expressly incorporated into this Judgment,[1] including, but not limited to, the findings that:

   (a) teamLab's original mixed-media, interactive, audiovisual, and sculptural works entitled "Crystal Universe" and "Boundaries" (the "TL Exhibits"); its exhibits whose images were posted online—"Forest of Resonating Lamps," "Universe of Water Particles on a Rock Where People Gather," and "Wander through the Crystal World" (the "Photographed Exhibits"); and the still images owned by TL depicting the TL Exhibits (the "TL Images," and together with the TL Exhibits and the Photographed Exhibits, the "TL Copyrighted Works"), qualify as unpublished foreign works under the U.S. Copyright Act, so that the TL Copyrighted Works are exempt from the pre-suit registration requirement in 17 U.S.C. § 411(a)'s (ECF No. 223); and

   (b) Because the TL Copyrighted Works are creative and encompass photographs, digital and/or sculptural artwork, and computer programming, which are neither inevitable expressions of the themes they embody nor imitations of pre-existing work, teamLab owns valid copyrights in the TL Copyrighted Works under Japanese copyright law (Dkt. No. 223).

---

[1] Any capitalized terms not defined herein shall be given the same meaning ascribed to them in the Summary Judgment Order.

2. Pursuant to the U.S. Copyright Act, MODS had access to teamLab's works Boundaries and Crystal Universe, and MODS's works identified as "Season Dream" and "Galaxy Dream" are substantially similar to teamLab's works Boundaries and Crystal Universe, respectively.

3. Defendants, and Defendants' agents, servants, officers, directors, members, shareholders, affiliates, subsidiaries, parents, employees, successors and assigns, are hereby permanently enjoined and restrained from:

   (a) displaying Galaxy Dream, Season Dream, or Season II, or any other works substantially similar thereto (together, the "Infringing Works");

   (b) displaying images and/or videos, including from websites and social media accounts owned, controlled or operated directly or indirectly by Defendants, that depict the TL Copyrighted Works and/or Infringing Works;

   (c) reinstating or creating any exhibition or display, or engaging in any other use of the Infringing Works or any works that are substantially similar to the Infringing Works and/or the TL Copyrighted Works; and

   (d) copying, circulating, reproducing, displaying, advertising, selling, licensing, distributing, or otherwise using, commercially or otherwise, the TL Copyrighted Works and/or the Infringing Works and/or any works that are substantially similar to any or all of the above.

The Court shall retain jurisdiction regarding enforcement of this Judgment and any related agreements between the Parties.

**IT IS SO ORDERED**.

DATED: November 1, 2023

By _____
The Honorable Philip S. Gutierrez
United States District Judge